UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARTIN JIMENEZ,<br>Defendant. | Case No. 11-cr-00572-SI-4<br><br>**ORDER RE: MOTION TO REDUCE SENTENCE**<br>Re: Dkt. No. 219 |

On December 15, 2014 Martin Jimenez filed a motion *pro se* seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Docket No. 219. On February 5, 2015, the Federal Public Defender's Office filed a motion of non-intervention. Docket No. 232. On April 23, 2015, the U.S. Probation Office filed a report concluding that defendant was not eligible for a reduction of her sentence. Docket No. 236.

Amendment 782 to the United States Sentencing Guidelines reduces the offense levels for most drug offenses, and may be applied retroactively. 18 U.S.C. § 3582(c)(2). However when a defendant's original sentence is below the minimum amended guideline range, he is not eligible for a subsequent reduction unless his original sentence was reduced "to reflect [his] substantial assistance to authorities." U.S.S.G. 1B1.10(b)(2)(B).

On July 13, 2012, the Court sentenced defendant to 96 months of incarceration. Docket No. 80. At the time of the sentencing, the guideline range was 121 to 151 months. Docket No. 236. The amendments now provide for a guideline sentencing range of 100 to 125 months. *Id.*

1  Defendant's original sentence is therefore below the amended minimum sentencing range, and
2  defendant did not receive a sentencing reduction to reflect assistance he provided to authorities. *Id.*
3  Accordingly, the defendant is not eligible for a sentence reduction and the Court **DENIES**
4  defendant's motion for a sentence reduction.

6  **IT IS SO ORDERED.**
7  Dated: May 14, 2015

_____
SUSAN ILLSTON
United States District Judge